Filed 12/28/23  P. v. Williams CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TYLER RYAN WILLIAMS,<br><br>    Defendant and Appellant. | D081848<br><br><br>(Super. Ct. Nos. SCE393667, SCE409086) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


FACTUAL AND PROCEDURAL BACKGROUND

In January 2023, Tyler Ryan Williams entered into plea agreements in two separate cases.  Under the terms of those agreements, Williams pleaded

guilty to one count of attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664), two counts of robbery (§ 211), and one count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). Williams admitted an infliction of great bodily injury enhancement for both the attempted murder and assault by means likely to produce great bodily injury counts. (See § 12022.7, subd. (a).) He also admitted a strike prior from a 2017 conviction for robbery.

Williams waived his right to a jury trial, his right to confront and cross-examine witnesses, his right to remain silent, and his right to present evidence. As the factual basis for his guilty plea for attempted murder, Williams admitted he "attempted to kill a person with intent to kill and . . . personally inflicted great bodily injury." For the two robberies, Williams admitted he "took personal property from another by force or fear from two separate victims." For assault by means likely to produce great bodily injury, Williams admitted he "unlawfully assaulted another person by means of force likely to produce great bodily injury and . . . personally inflicted great bodily injury."

Pursuant to Williams's plea bargain, the trial court sentenced him to a cumulative prison term of 24 years. The sentencing minutes for the two cases included cumulative court operations assessments of $160 (§ 1465.8, subd. (a)(1)) and cumulative conviction assessments of $120 (Gov. Code, § 70373, subd. (a)(1)). However, the abstract of judgment listed the total court operations assessment as $130 and the total conviction assessment as $150.

Williams appealed. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been

---

[1]    All undesignated statutory references herein are to the Penal Code.

2

able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Williams the opportunity to file his own brief on appeal, but he has not responded.

## DISCUSSION

As we have noted, appellate counsel filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the record indicates that Williams was advised of the consequences of pleading guilty and his constitutional rights, and waived those rights, before pleading guilty; and

2. Whether the abstract of judgment must be corrected to reflect proper fines and fees.

We have reviewed the entire record as required by *Wende* and *Anders*. Our review discloses error in the listing of the total court operations assessment and total conviction assessment on the abstract of judgment. Specifically, the court operations assessment is $40 "on every conviction for a criminal offense." (§ 1465.8, subd. (a)(1).) The conviction assessment is $30 for each felony conviction. (Gov. Code, § 70373, subd. (a)(1).) Here, Williams pleaded guilty to and was convicted of four felony offenses. This required imposition of a total court operations assessment of $160 (4 x $40) and a total conviction assessment of $120 (4 x $30). However, the abstract of judgment lists the court operations assessment as $130 and the conviction assessment as $150. The two assessments total to the same amount ($280) either way. The only difference is in the breakdown of the amount between the two.

A reviewing court may correct clerical errors in the abstract of judgment at any time "on its own motion or upon the application of the parties." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–187.) It may do so following a review of the record required by *Wende* and without further briefing. (See *People v. Burke* (2023) 89 Cal.App.5th 237, 244.) Accordingly, we will order the trial court to correct the abstract of judgment to reflect the appropriate court operations assessment and conviction assessment. We have not otherwise discovered any arguable issues for reversal on appeal. Competent counsel has represented Williams on this appeal.

DISPOSITION

The judgment is affirmed. The trial court shall prepare a corrected abstract of judgment that sets the court operations assessment to $160 and the conviction assessment to $120. The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

IRION, Acting P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

4